# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### CIVIL ACTION NO. 1:17-CV-384

| | | |
|---|---|---|
| CHERIE NOELLE MANESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **STIPULATED CONSENT** |
| | ) | **PROTECTIVE ORDER** |
| CITY OF HIGH POINT, NORTH | ) | |
| CAROLINA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

WHEREAS, information, documents and materials has been sought from a third party, Developmental Associates, LLC, by the parties to the above-captioned case, which are claimed to contain protected, confidential, and proprietary information, including but not limited to employment and personnel records that must be safeguarded pursuant to, *inter alia*, N.C. Gen. Stat. § 160A-168, and trade secrets as defined in N.C. Gen. Stat. § 66-152(3), any of which would qualify for protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and Developmental Associates, LLC ("DA") and the parties have sought an order to limit dissemination and disclosure of this information.

IT IS THEREFORE ORDERED:

1. This Order shall govern the use and disposition of all information, documents, electronic files, and other materials produced by DA, disclosed by DA

and/or the City of High Point and which is designated as confidential ("DA Confidential Information" or "DA CONFIDENTIAL ATTORNEYS' EYES ONLY") in accordance with this Order[1].

2.    Other than DA Confidential Information and DA Confidential Attorneys' Eyes Only Information, the use and disposition of all information, documents, electronic file, and other materials between plaintiff and defendant is governed by a protective order. [Doc. 20 and 21].

3.    DA may designate any information, document, or electronic file that is produced in this case for protection under this Order by marking it at or before the time of production or exchange with the legend "DA CONFIDENTIAL" or "DA CONFIDENTIAL ATTORNEYS' EYES ONLY" pursuant to this Order. DA may also direct the City of High Point to designate any information, or electronic file that is produced in this case for protection under this Order by marking it at or before the time of production or exchange with the legend "DA CONFIDENTIAL" or "DA CONFIDENTIAL ATTORNEYS' EYES ONLY" pursuant to this Order. All such designations must be based on the good faith belief that the information labelled is not public and constitutes information subject to a legally protected right of privacy. All discovery materials (with the exception of deposition transcripts, which are governed by Paragraph 8 of this Order) must be designated DA Confidential or DA

---

[1] Confidential information produced by the parties is governed by a prior protective order which remains in effect.

Confidential Attorneys' Eyes Only prior to service thereof by stamping the words "DA CONFIDENTIAL" or "DA CONFIDENTIAL ATTORNEYS EYES ONLY" on each page containing such information. All documents shall be maintained in confidence by the Party or Parties receiving DA Confidential Information or DA Confidential Attorneys' Eyes Only Information (each a "Receiving Party").

4. The "DA CONFIDENTIAL ATTORNEY'S EYES ONLY" designation is reserved for information employment and personnel records that must be safeguarded pursuant to, *inter alia*, N.C. Gen. Stat. § 160A-168 (which does not include any personnel records of defendant's employees produced by defendant pursuant to the previously entered Protective Order.( Doc # 20-21)) or that constitutes or contains a trade secret as defined in N.C. Gen. Stat. § 66-152(3). Except as set forth herein, or in any subsequent order of the Court, a Receiving Party which receives any information, document, or electronic file designated as  DA CONFIDENTIAL ATTORNEYS' EYES ONLY may deliver, exhibit, or disclose such information, document, or electronic file, after compliance with Paragraph 6 of this Order only to the following persons: (a) counsel of record for each Party in this case, or attorneys or staff in such counsel's firm solely to the extent needed for purposes of prosecuting or defending the litigation and for no other purpose ; (b) outside consultants or outside experts retained for the purposes of assisting counsel in the investigation, trial, or appeal of this case or testifying at trial, who have

executed and delivered to counsel, prior to receipt or review of any DA CONFIDENTIAL ATTORNEYS EYES ONLY designated DA Confidential Information, the Protective Order Confidentiality Agreement in the form attached as Exhibit A; provided, that counsel seeking disclosure provide written notice to DA and provide ten (10) business days for DA to respond so DA has an opportunity to challenge or object to the proposed disclosure of the DA CONFIDENTIAL ATTORNEYS EYES ONLY material. In the event that DA objects to said disclosure in (b), the parties and/or DA may petition the Court for an appropriate Order pursuant to Paragraph 8; (c) court reporters who transcribe proceedings in this litigation; (d) court officials involved in the action; (e) any person identified in the information, document, or electronic file itself as having authored or previously received the information, document, or electronic file; and/or (f) any potential witness to whom disclosure is deemed necessary by counsel, in his/her good faith belief that disclosure is important to either party's to the prosecution of the claims in this action; provided, that counsel seeking disclosure provide written notice to DA and provide ten (10) business days for DA to respond so DA has an opportunity to challenge or object to the proposed disclosure of the DA ATTORNEYS EYES ONLY material. In the event that DA objects to said disclosure in (f), the parties and/or DA may petition the Court for an appropriate Order pursuant to Paragraph 8.

5. Any information, document, or electronic file designated as DA CONFIDENTIAL may be delivered, exhibited, or disclosed only to the following persons: (a) the Receiving Party and counsel, including the employees, and in-house counsel thereof, provided that except for in-house counsel working on this case, such employees shall receive such DA Confidential Information solely to the extent needed for purposes of prosecuting or defending the litigation and for no other purpose; (b) outside consultants or outside experts retained for the purposes of assisting counsel in the investigation, trial, or appeal of this case or testifying at trial, who have executed and delivered to counsel, prior to receipt or review of any DA CONFIDENTIAL Information, the Protective Order Confidentiality Agreement in the form attached as Exhibit A. Counsel; (c) court reporters who transcribe proceedings in this litigation; (d) court officials involved in the action; and (e) potential witnesses in this action who have executed and delivered to counsel, prior to receipt or review of any DA CONFIDENTIAL Information, the Protective Order Confidentiality Agreement in the form attached as Exhibit A.

6. Any information, document, or electronic file produced by DA or the City of High Point with a designation of DA CONFIDENTIAL or "DA CONFIDENTIAL ATTORNEY'S EYES ONLY" pursuant to the terms of this Protective Order shall not be used by the Receiving Party for any purpose other than the investigation, discovery, judicial proceedings, trial and appeal of this case.

7. To the extent that any information, document, or electronic file designated as DA CONFIDENTIAL or DA CONFIDENTIAL ATTORNEYS' EYES ONLY is used in the taking of a deposition, such information shall remain subject to this Order, along with pages of the deposition testimony referencing the material. DA Confidential Information and DA CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION (including testimony) disclosed at a deposition may be designated by counsel as DA CONFIDENTIAL or DA CONFIDENTIAL ATTORNEYS' EYES ONLY by either:

(a) Indicating on the record at the deposition that the information is DA CONFIDENTIAL or DA CONFIDENTIAL ATTORNEYS' EYES ONLY and is subject to the applicable provisions of this Protective Order; or

(b) Notifying other counsel in writing within thirty (30) days of the receipt of the transcript of those pages and lines or those exhibits that are DA CONFIDENTIAL. Until the expiration of such thirty-day period the entire deposition transcript shall be treated as DA Confidential Information.

Upon being informed that certain portions of a deposition disclose DA CONFIDENTIAL Information, counsel for each Party must cause each copy of the transcript in its custody or control to be so marked as soon as reasonably possible. All DA CONFIDENTIAL designations must be based on the good faith belief of the designating counsel that the material constitutes DA Confidential Information as defined herein.

8. A Party may oppose the designation of any information, document, or electronic file as DA CONFIDENTIAL or DA CONFIDENTIAL ATTORNEYS' EYES ONLY at any time before trial by notifying the Disclosing Party and giving that Disclosing Party ten (10) days to consider the request to de-designate the material. If the Parties are unable to agree on the protected status of a document, the Party opposing the designation may request an appropriate order from the Court.

9. The designation or receipt of any information, document, or electronic file as DA CONFIDENTIAL or DA CONFIDENTIAL ATTORNEYS' EYES ONLY Information pursuant to this Order, shall not be construed as an admission by a Disclosing Party that such material is relevant or material to any issue in the case or is otherwise discoverable, or as an admission by a Receiving Party that such material is, in fact, Confidential Information.

10. Notwithstanding any other provision of this Order, the designation of any information, document, or electronic file as DA CONFIDENTIAL or DA CONFIDENTIAL ATTORNEYS' EYES ONLY pursuant to this Order, shall not require a Receiving Party to keep that information confidential under the terms of this Order, if the Receiving Party already has lawfully received the material from a source other than the Disclosing Party, without an obligation to keep it confidential. Provided however, that any such Receiving Party shall first provide notice to the Disclosing Party of the circumstances under which such Receiving Party has

received the same material from a source other than the Disclosing Party, without an obligation to keep it confidential.

11.     Prior to filing any brief, memorandum, transcript of testimony or other document with the Court that incorporates or refers to any information, documents, or electronic files designated DA CONFIDENTIAL or DA CONFIDENTIAL ATTORNEYS' EYES ONLY Information, the filing Party shall seek leave pursuant to MDNC Local Rule 5.4 to file DA CONFIDENTIAL Information, documents or electronic files under seal.

12.     Information, documents and electronic files produced by DA or the City of High Point with a designation of "DA CONFIDENTIAL" or "DA CONFIDENTIAL ATTORNEYS' EYES ONLY" are intended by the Parties to be subject to the confidential information exception of the Public Records Act found in Chapter 132 of the North Carolina General Statutes.  As detailed in N.C. Gen. Stat. § 132-1.2, such Confidential Information shall not be deemed a public record, and a public agency or its subdivision shall not be required or authorized to disclose such Confidential Information.

13.     The inadvertent or unintentional disclosure hereafter of  DA Confidential Information either by way of document production or deposition testimony, regardless of whether the information was designated DA CONFIDENTIAL or DA CONFIDENTIAL ATTORNEYS' EYES ONLY  at the

time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any inadvertently or unintentionally disclosed DA Confidential Information not designated as such pursuant to this Order at the time of its disclosure shall be designated DA CONFIDENTIAL or DA CONFIDENTIAL ATTORNEYS' EYES ONLY, as applicable, as soon as reasonably possible after the Disclosing Party becomes aware of the erroneous disclosure and shall thereafter be treated as designated. No Party shall be responsible to any other Party or Non-Party for any use made of information produced and not designated as DA Confidential Information or DA CONFIDENTIAL ATTORNEYS' EYES ONLY until such designation is made in writing.

14. Subject to the Federal Rules of Civil Procedure, DA Confidential Information and DA CONFIDENTIAL ATTORNEYS' EYES ONLY Information may be offered in evidence at trial or any hearing in open court subject to any procedures required by the Court. The Disclosing Party may move the Court for an order that the evidence be received under conditions to prevent its disclosure to persons not entitled under this Order to review it. The Court shall then determine whether the proffered evidence should continue to be treated as DA Confidential Information or DA CONFIDENTIAL ATTORNEYS' EYES ONLY and, if so, what

protection, if any, should be afforded to such evidence at the trial or hearing. Nothing in this Order shall operate as an admission by any Party that any information is or is not admissible in evidence in this case.

15. With respect to subpoenas or other discovery requests seeking DA Confidential Information, any Party may invoke the terms of this Order in writing with respect to any DA Confidential Information or DA CONFIDENTIAL ATTORNEYS' EYES ONLY to be provided to the requesting Party, provided that the Party invoking the terms of this Order has a confidentiality interest in the information so requested, or has knowledge that DA has a confidentiality interest that should be protected, or which it is otherwise obligated to keep confidential. In the event that a Party seeks discovery from a Non-Party to this case, the Non-Party may invoke the terms of this Order in writing to all Parties to the case with respect to any DA Confidential Information to be provided to the requesting Party by the Non-Party.

16. The Parties, and any representatives, agents, independent contractors, or experts retained by the Parties, who learn of a violation of the terms of this Order have an obligation to report the violation to the Disclosing Party's counsel of record or, in the event that the Disclosing Party is not represented by counsel, directly to the Disclosing Party immediately upon learning of the violation of this Order. At the same time, any Party learning of a violation of this Order is obligated to take all

reasonable steps to retrieve DA Confidential or DA CONFIDENTIAL ATTORNEYS' EYES ONLY Information inadvertently disclosed and otherwise to limit any damage caused by a disclosure of such in violation of this Order.

17. Within twenty (20) days following entry of a final decision or judgment and the expiration of the time for appeal in the above-captioned case, each Receiving Party shall collect all material that has been marked by a Disclosing Party as DA CONFIDENTIAL or DA CONFIDENTIAL ATTORNEYS' EYES ONLY, including any copies or replicas that have been furnished to any other person, and return it to the Disclosing Party, together with appropriate certification of compliance with the terms of this paragraph. Provided however, that the obligation to return any such material shall not apply to material furnished to the Court, or material which the Court has determined to be not properly deemed DA Confidential Information. Provided further, the Parties shall be permitted to maintain a file copy in their case files which shall continue to be protected by this Order.

18. In lieu of returning copies of DA Confidential Information protected by this Order to the Disclosing Party, the Receiving Party's counsel may destroy all copies of the protected DA Confidential Information within thirty (30) days of receipt of the demand by a party, if counsel for a Receiving Party confirms, in writing, that it has destroyed all such protected material. This Order does not prevent

any Party from asserting any legally cognizable privilege to withhold any document or information.

19.     Any Party may apply to the Court for a modification of this Order for good cause shown, and nothing herein shall be deemed to prejudice or waive any Party's right to seek such a modification.

20.     Each Party shall bear its own costs and expenses in complying with this Order.  This provision does not prevent a Party from asserting a claim against any other Party for any costs or expenses associated with enforcing alleged breach or failure to abide by this Protective Order.

SO ORDERED, this the _____ day of _____, 2018.


_____

**THE PARTIES HEREBY CONSENT TO THE FOREGOING ORDER:**

This 27th day of March, 2018.

**POYNER SPRUILL LLP**

By:  /s/David L. Woodard__
David L. Woodard
N.C. State Bar No. 19343
301 Fayetteville Street, Suite 1900
Raleigh, NC 27602-01801
Telephone:  (919) 783-6400
Facsimile:  (919) 783-1075
Email:
dwoodard@poynerspruill.com

Brett A. Carpenter
N.C. State Bar No. 47630
301 Fayetteville Street, Suite 1900
Raleigh, NC 27602-01801
Telephone: (919) 783-6400
Facsimile: (919) 783-1075
Email:
bcarpenter@poynerspruill.com

*Counsel for Defendant City of*
*High Point, North Carolina*

**ELLIOT MORGAN PARSONAGE, PLLC**

By: /s/Robert M. Elliot
Robert M. Elliot
N.C. State Bar No. 7709
Daniel C. Lyon
N.C. State Bar No. 43828
426 Old Salem Road
Winston-Salem, NC 27101
Telephone: (336) 724-2828
Email:  rmelliot@emplawfirm.com

*Counsel for Plaintiff Cherie*
*Noelle Maness*

**CONSENTED TO:**

**SMITH ANDERSON LLP**

By: _Kerry A Shad_

Kerry Shad
N.C. State Bar No.
Wells Fargo Capital Center
150 Fayetteville Street
Suite 2300
Raleigh, North Carolina 27601
Telephone: (919) 821-1220
Facsimile: (919) 821-6800
Email: kshad@smithlaw.com

*Counsel for Developmental Associates, LLC*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:17-CV-384

CHERIE NOELLE MANESS,    )
    )
    Plaintiff,    )
    )
vs.    )    **CONFIDENTIALITY**
    )    **PROTECTIVE ORDER BY**
CITY OF HIGH POINT, NORTH    )    **CONSENT**
CAROLINA,    )
    )
    Defendant.    )
    )

This is to certify that I have read and am fully familiar with the provisions of

the Confidentiality Protective Order entered on _____, 2018, by

the Honorable _____, in the above-captioned matter.

As a condition precedent to my review or handling of any of the documents

or other materials containing DA confidential information produced pursuant to the

Protective Order or my obtaining DA confidential information contained in said

documents or other materials, I hereby agree that the Protective Order shall be

deemed to be directed to and shall include me, and I shall observe and comply with

all of the provisions of the Protective Order and I submit to the jurisdiction of the

United States District Court for the Middle District of North Carolina for purposes

of enforcement of the Protective Order and this Confidentiality Agreement against me.

                              _____
Signature

                              _____
Printed Name

                              _____
Address

                              _____
Employer

                              _____
Job Title

                              _____
Date